IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ASHLEY MCKINZIE,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>EQUIFAX INFORMATION SERVICES, LLC, and MEDICAL DENTAL HOSPITAL BUREAU OF SAN ANTONIO INC. d/b/a/ BUSINESS & PROFESSIONAL SERVICE,<br><br>　　　　　　　　　Defendants. | Civil Action No.: _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Ashley McKinzie ("Plaintiff") brings this action on an individual basis, and asserts claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), seeking statutory and other damages against defendants Equifax Information Services, LLC ("Equifax") and Medical Dental Hospital Bureau of San Antonio Inc. d/b/a/ Business & Professional Service ("BPS"), alleging, upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

**FCRA Claims**

1.　Plaintiff submitted a written dispute to Equifax concerning information that Equifax has been reporting about Plaintiff's consumer background to numerous credit companies and persons, which included account balance and past due amount information concerning Plaintiff's State Farm Federal Credit Union account that Plaintiff disputed as inaccurate.

2.　Plaintiff's written dispute triggered Equifax's statutory obligation to conduct an investigation, mark the account as disputed, and update the reporting as necessary. Equifax, however, failed to meet its obligations under the FCRA.

1

3. Equifax thus violated the express provisions of the FCRA. Upon receiving a consumer's dispute, credit reporting agencies (such as Equifax) are legally required to conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the dispute and update the reporting as necessary with a notation marking the disputed account as disputed.

4. Plaintiff was later denied an extension of credit based on information contained in her Equifax reports, and has been forced to deal with aggravation and humiliation of credit denial and a poor credit score. Accordingly, Plaintiff is entitled to damages.

**FDCPA Claims**

5. Plaintiff also asserts FDCPA claims against defendant BPS.

6. Plaintiff submitted a written dispute letter to non-defendant Trans Union, LLC ("TransUnion") disputing account balance information that TransUnion reported on the purported BPS collections account.

7. The purported debt related to the BPS collections account was originally issued by non-defendant Municipal Ambulance SVC and acquired by BPS. Such debt arose out of a transaction in which money, property, insurance or services, which were the subject of the transaction, were primarily for personal, family or household purposes, and is "debt" as defined by 15 U.S.C. § 1692a(5).

8. TransUnion, in turn, and as required by statute, notified BPS of Plaintiff's dispute. Nevertheless, BPS continued to report the disputed information without marking the account as disputed or otherwise updating the account as necessary.

9. Plaintiff brings this action to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of BPS's misconduct. BPS's erroneous reporting of disputed information without marking such information as disputed or otherwise updating such account as necessary on Plaintiff's consumer background reports continues to affect Plaintiff's credit worthiness and credit score. As a result of BPS's misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to

purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692 *et seq*.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, and, because the defendants conduct and continue to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District, the defendants are subject to personal jurisdiction in this District.

## PARTIES

**Plaintiff**

12. Plaintiff is a resident of Austin, Texas and qualifies as a "consumer" as defined and protected by both the FCRA and FDCPA. *See* 15 U.S.C. § 1681a(c); *see also* 15 U.S.C. §1692(a)(3). Plaintiff is an individual, and not an entity.

**Defendants**

13. Defendant Equifax is a limited liability company that maintains its principal place of business in this state and regulary conducts business in this judicial district. Equifax qualifies as a "consumer reporting agency" under the FCRA.

14. Defendant BPS is a debt collection agency that uses the mail, telephone, and facsimile, and regularly engages in business in this District, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant BPS is a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6).

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

15. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports. Thus, Congress

enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. 1681a.

16. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must assure maximum possible accuracy of information when preparing consumer reports and set up reasonable procedures to maintain compliance with this standard; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute, mark the disputed accounts as disputed, and timely correct any inaccuracies.

17. Plaintiff has a legally protected interest in Equifax fulfilling its duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

**Equifax Violated the FCRA and Damaged Plaintiff**

18. On or about August 3, 2020, Plaintiff submitted a written dispute letter through Equifax's FCRA compliance division disputing Equifax's reporting of account balance and past due amount information concerning Plaintiff's State Farm Federal Credit Union account as inaccurate.

19. The receipt of Plaintiff's dispute letter triggered Equifax's obligations to conduct an investigation, mark the account as disputed, and update and/or correct the disputed reporting as necessary.

20. Equifax, however, failed to conduct an investigation, failed to mark the account as disputed, and failed to update and/or correct the disputed reporting as necessary.

21. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a low credit score.

22. Accordingly, Plaintiff is entitled to damages.

## CAUSES OF ACTION

## COUNT I

### Against Equifax for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i

23. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

24. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> *Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure **maximum possible accuracy** of the information concerning the individual about whom the report relates.*

15 U.S.C. §1681e(b) (emphasis added).

25. Upon receiving a consumer's dispute, credit reporting agencies are legally required to conduct an investigation and update the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency ***is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information***, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

*Id.* §1681i(a)(1) (emphasis added).

26. Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows:

> ***Before the expiration of the 5-business-day period*** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), ***the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person***. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

*Id.* §1681i(a)(2) (emphasis added).

5

27. Equifax failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports. Although Plaintiff disputed the reporting of the account in writing, Equifax willfully, or at least negligently, failed to perform a reasonable investigation, mark the disputed account as disputed, and update and/or correct the account as necessary.

28. Equifax's willful and/or negligent failure to follow reasonable policies and procedures to meet its obligations under the FCRA was a direct and proximate cause of Plaintiff's injury.

29. As a result of Equifax's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### Against BPS for Violation of the FDCPA, 15 U.S.C. § 1692(e)

30. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

31. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

32. Under 15 U.S.C. § 1692(e), inter alia:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\* \* \*

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, ***including the failure to communicate that a disputed debt is disputed***.

(Emphasis added).

33. BPS received notice from TransUnion that Plaintiff disputed the reported account balance and past due information reported on the BPS account, as required by statute.

6

34. After receiving notice of Plaintiff's dispute from TransUnion, BPS willfully and/or negligently failed to mark the account as disputed on Plaintiff's reports issued by TransUnion and continued to communicate the disputed information.

35. Plaintiff has suffered damages as a result of BPS's misconduct, including, but not limited to, emotional stress, and is entitled to preliminary and permanent injunctive relief, including declaratory relief, and damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

i. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

ii. awarding attorneys' fees and costs, and other relief; and

iii. awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  December 18, 2020               THE OAKS FIRM


                                        */s/ Misty Oaks Paxton, Esq.*
                                        MISTY OAKS PAXTON, ESQ.
                                        3895 Brookgreen Point
                                        Decatur, Georgia 30034
                                        Tel:  (404) 725-5697
                                        attyoaks@yahoo.com

**COHEN & MIZRAHI LLP**
EDWARD Y. KROUB
DANIEL C. COHEN
MOSHE O. BOROOSAN
300 Cadman Plaza West, 12th Floor
Brooklyn, NY  11201
Telephone:  929/575-4175
929/575-4195 (fax)
edward@cml.legal
dan@cml.legal
moshe@cml.legal

*Attorneys for Plaintiff*